UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| BOOMCLOUD 360, INC., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Case No.  7:26-cv-00312 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT AGAINST
## <u>APPLE INC.</u>

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Boomcloud 360, Inc. ("Plaintiff" or "Boomcloud") makes the following allegations against Defendant Apple Inc. ("Defendant" or "Apple"):

## <u>INTRODUCTION</u>

1.      This complaint arises from Defendants' unlawful infringement of the following United States patents owned by Boomcloud, each of which generally relate to improved audio rendering and spatial audio: United States Patent Nos. 10,524,078 ("the '078 Patent"), 11,533,560 ("the '560 Patent"), and 11,051,121 ("the '121 Patent") (collectively, the "Asserted Patents"). Boomcloud owns all right, title, and interest in each of the Asserted Patents to file this case.

2.      Boomcloud is an innovator and pioneer in audio rendering and spatial audio. Boomcloud spent years developing sophisticated solutions for audio rendering and currently holds more than 196 issued patents. Boomcloud's innovative solutions apply to a wide range of devices

1

and enable a more immersive audio experience than traditional solutions. Its solutions and technology have been praised by a number of publications, including, for example:



https://www.boomcloud360.com.

# This Will Make Your iPhone Sound SO Much Better

CHRISTINA BONNINGTON

JANUARY 3, 2016, 5:00 AM

https://www.refinery29.com/en-us/2016/01/100350/boomcloud-boomstick-audio-review#:~:text=The%20Boomstick%20is%20an%20oval,sounds%20noticeably%20better%2C%20and%20louder.

> While Jay-Z (Tidal) and Neil Young (Pono) are advocating for audio fidelity via lossless compression, the BoomStick uses an ingenious approach to improving sound quality. And unlike lossless compression, you can actually hear the difference. The device uses proprietary algorithms to decide which parts of a song it should amplify by tapping into psychoacoustic bass enhancements, sound-field expansion, and high frequency contouring to bring out definition, clarity, and detail in song instrumentation. These algorithms also work to augment the sound in movies, too.

https://www.macworld.com/article/227084/this-gadget-makes-your-cheap-apple-earpods-sound-almost-as-good-as-beats.html.

3.      Boomcloud's novel audio rendering solutions are valuable and have been licensed and implemented by several large companies, including Verizon, Boost Mobile, and Qualcomm. For example, Verizon's implementation of Boomcloud's solution is marketed as "Verizon Adaptive Sound" and has been touted for its exceptional capabilities:

> Play any music, video or a game and Adaptive Sound will optimize the content for your device automatically, according to Verizon. You'll be able to adjust some settings, such as treble, bass, spatial and voice options. You'll have sound profiles to pick from too.

https://www.engadget.com/verizon-adaptive-sound-spatial-audio-motorola-162018575.html.

4.      Qualcomm's implementation of Boomcloud's audio technology won top sound scores in the world:

It is also the first device to have Qualcomm's Snapdragon Sound technology. It provides the original audio quality of a track at 24-bit 96kHz studio-quality audio. This quality is noticeably better than standard compressed audio for Bluetooth A2DP using SBC audio codec that delivers quality at 16-bit 44.1kHz. Seeing as Qualcomm's $1,500 smartphone is bundled with a pair of Master & Dynamic wireless earbuds that support 24-bit 96kHz audio quality priced at $299, Qualcomm Insiders will get to experience this difference. The Master & Dynamic wireless earbuds also support Qualcomm active noise Cancellation, Qualcomm cVc echo cancellation, and noise suppression and are powered by the Qualcomm QCC5141 low power Bluetooth Audio SoC, as though it is made for Qualcomm enthusiasts. The audio quality of the Snapdragon Insider Smartphone also got a DXOMark audio test with a score for Playback of 75 and Recording 81. These scores rank the device as #4 globally and # 1 in the Ultra-Premium Ranking, with its Recording score of 81 being the highest ranked. There will be a DXOMark Score for the camera later this month.

https://moorinsightsstrategy.com/why-i-have-to-state-the-obvious-the-snapdragon-insider-smartphone-was-made-for-insiders/.

## NOTICE OF THE ASSERTED PATENTS

5.      The patented technologies which are the subject of this lawsuit are well known to the Defendant.

6.      Apple interacted with Boomcloud numerous times regarding a potential license to Boomcloud's patented audio solutions, including at least as early as summer of 2017.

7.      Boomcloud and Apple engaged in technical demonstrations and discussed implementing Boomcloud's patented technological solutions to improve Apple's devices. Through at least fall of 2021, Boomcloud and Apple continued sharing information, discussing how Boomcloud's unique and unconventional technological solutions would provide Apple and its customers with an improved user experience on Apple devices.

8.      Despite extensive communication, technical demonstrations, and an NDA, no licensing agreement was reached. Rather than obtain a license to use Boomcloud's technology, Apple instead chose to infringe upon the inventions claimed in Boomcloud's patents, as described in further detail herein.

## PARTIES

9.      Boomcloud 360, Inc. is a corporation organized and existing under the laws of

4

Delaware and has a place of business at 687 South Coast Hwy 101, Suite # 311, Encinitas, CA 92024.

10.     On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California. Apple has one or more regular and established places of business in this District, including at 12545 Riata Vista Circle, Austin, TX 78727; 6900 W Parmer Lane, Austin, TX 78729; 320 S. Capital of Texas Hwy, West Lake Hills, TX 78746; 7400 San Pedro Avenue, San Antonio, TX 78216; 3121 Palm Way, Austin, TX 78758; 15900 La Cantera Parkway, San Antonio, TX 78256; 8401 Gateway Boulevard West, El Paso, TX 79925; and 2901 S Capital of Texas Hwy, Austin, TX, 78746. On information and belief, Apple may be served with process through its registered agent in Texas, CT Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

12.     This Court has personal jurisdiction over Defendant in this action because Defendant has committed acts within this District giving rise to this action, and has established minimum contacts with this forum such that the exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice. Defendant, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

13.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

On information and belief, Apple resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

14. Apple, directly and/or through subsidiaries or intermediaries, have purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Western District of Texas. These products and/or services have been and continue to be purchased and used in the Western District of Texas.

15. Venue as to Apple is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, Apple has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, importing, offering to sell, and selling products that infringe the Asserted Patents.

## COUNT I

### INFRINGEMENT OF U.S. PATENT NO. 10,524,078

16. Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Boomcloud owns all rights, title, and interest in U.S. Patent No. 10,524,078, titled ""Crosstalk Cancellation B-Chain," issued on December 31, 2019 (the "'078 Patent"). A true and correct copy of the '078 Patent is attached as Exhibit 1.

18. On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Apple's products that enhance a stereo input audio signal for output through a left speaker and a right speaker by generating a spatially enhanced signal and by determining and correcting asymmetries between the left and right speakers in frequency response, time alignment, and signal level for a listening position,

whether through built-in stereo-speaker spatial audio processing or, via the 'Spatialize Stereo' feature, through connected AirPods, including without limitation iPhone 17, iPad Pro 11" M5, and all versions and variations thereof since the issuance of the asserted patent.

19.     The Accused Products satisfy all claim limitations of one or more claims of the '078 Patent. A claim chart comparing exemplary claims of the '078 Patent to a representative Accused Product, is attached as Exhibit 2, which is hereby incorporated by reference in its entirety.

20.     Defendant also knowingly and intentionally induces infringement of one or more claims of the '078 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '078 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '078 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '078 Patent (for example, through user manuals and instruction materials on its website). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '078 Patent, thereby specifically intending for and inducing its customers to infringe the '078 Patent through the customers' normal and customary use of the Accused Products.

21.     Defendant has also infringed, and continues to infringe, claims of the '078 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused

Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '078 Patent, in violation of 35 U.S.C. § 271(c).

22.    Defendant's infringement of the '078 Patent has been willful. Defendant had pre-suit knowledge of the Asserted Patents and their relevance to Defendant's spatial-audio implementations through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard of Boomcloud's patent rights.

23.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Boomcloud and is liable for infringement of the '078 Patent pursuant to 35 U.S.C. § 271.

24.    As a result of Defendant's infringement of the '078 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

25.    Defendant's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '078 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

26.    Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '078 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '078 Patent. Boomcloud is therefore entitled to enhanced damages.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 11,051,121

27.   Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28.   Boomcloud owns all rights, title, and interest in U.S. Patent No. 11,051,121, titled ""Spectral Defect Compensation for Crosstalk Processing of Spatial Audio Signals," issued on June 29, 2022 (the "'121 Patent"). A true and correct copy of the '121 Patent is attached as Exhibit 3.

29.   On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, *e.g.*, Apple's products and services that perform spatial audio processing for stereo audio played through the device's built-in speakers, including crosstalk processing and the generation of a mid compensation channel that compensates for spectral defects caused by the crosstalk processing, including without limitation iPhone 17 and iPad Pro (11-inch M5), alone or in combination with Apple audio accessories including AirPods 4, AirPods 4 (ANC), AirPods Pro 2, AirPods Pro 3, and AirPods Max, and all versions and variations thereof since the issuance of the asserted patent, including any Apple product or service that performs

30.   spatial audio processing with crosstalk processing and spectral compensation for stereo audio.

31.   The Accused Products satisfy all claim limitations of one or more claims of the '121 Patent. A claim chart comparing exemplary claims of the '121 Patent to a representative Accused Product, is attached as Exhibit 4, which is hereby incorporated by reference in its entirety.

32.   Defendant also knowingly and intentionally induces infringement of one or more

9

claims of the '121 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '121 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '121 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '121 Patent (for example, through user manuals and instruction materials on its website). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '121 Patent, thereby specifically intending for and inducing its customers to infringe the '121 Patent through the customers' normal and customary use of the Accused Products.

33.     Defendant has also infringed, and continues to infringe, claims of the '121 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '121 Patent, in violation of 35 U.S.C. § 271(c).

34.     Defendant's infringement of the '121 Patent has been willful. Defendant had pre-suit knowledge of the Asserted Patents and their relevance to Defendant's spatial-audio implementations through licensing discussions with Boomcloud and nevertheless infringes in

10

conscious disregard of Boomcloud's patent rights.

35.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Boomcloud and is liable for infringement of the '121 Patent pursuant to 35 U.S.C. § 271.

36.    As a result of Defendant's infringement of the '121 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

37.    Defendant's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of the '121 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

38.    Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '121 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '121 Patent. Boomcloud is therefore entitled to enhanced damages.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 11,533,560

39.    Boomcloud realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

40.    Boomcloud owns all rights, title, and interest in U.S. Patent No. 11,533,560, titled "Dynamic Rendering Device Metadata-Informed Audio Enhancement System," issued on December 20, 2022 ("'560 Patent"). A true and correct copy of the '560 Patent is attached as

11

Exhibit 5.

41.    On information and belief, Defendant makes, uses, offers for sale, sell, and/or imports certain products ("Accused Products"), such as, e.g., Apple's iPhone and iPad products that, when paired with AirPods (or other Bluetooth headphones) with Spatial Audio or "Spatialize Stereo" enabled, query the operating system for the current audio output route, identify a Bluetooth/AirPods communication path, and apply a route-specific spatial-audio enhancement before rendering the enhanced signal on the connected AirPods, including without limitation iPhone 17, iPad Pro 11" (M5), paired with AirPods Pro 3, AirPods 4, or AirPods Max, and all versions and variations thereof since the issuance of the asserted patent.

42.    The Accused Products satisfy all claim limitations of one or more claims of the '560 Patent. A claim chart comparing exemplary claims of the '560 Patent to a representative Accused Product, is attached as Exhibit 6, which is hereby incorporated by reference in its entirety.

43.    Defendant also knowingly and intentionally induces infringement of one or more claims of the '560 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and/or earlier, as set forth above, Defendant has had knowledge of the '560 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '560 Patent, Defendant continues to make, use, sell, and offer for sale the Accused Products, and to actively encourage and instruct customers and other companies to make, use, sell, import, and offer for sale the Accused Products in ways that directly infringe the '560 Patent (for example, through user manuals and instruction materials on its website). Defendant does so knowing and intending that these companies and their customers will commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '560 Patent, thereby specifically intending for and inducing its customers to

infringe the '560 Patent through the customers' normal and customary use of the Accused Products.

44.    Defendant has also infringed, and continues to infringe, claims of the '560 Patent by offering to commercially distribute, commercially distributing, making, and/or importing the Accused Products, which are used in practicing the process, or using the systems, of the patent, and constitute a material part of the invention. Defendant knows the components in the Accused Products to be especially made or especially adapted for use in infringement of the patent, not a staple article, and not a commodity of commerce suitable for substantial non-infringing use. Accordingly, Defendant has been, and currently is, contributorily infringing the '560 Patent, in violation of 35 U.S.C. § 271(c).

45.    Defendant's infringement of the '560 Patent has been willful. Defendant had pre-suit knowledge of the Asserted Patents and their relevance to Defendant's spatial-audio implementations through licensing discussions with Boomcloud and nevertheless infringes in conscious disregard of Boomcloud's patent rights.

46.    By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured Boomcloud and is liable for infringement of the '560 Patent pursuant to 35 U.S.C. § 271.

47.    As a result of Defendant's infringement of the '560 Patent, Boomcloud is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

48.    Defendant's infringing activities have injured and will continue to injure Boomcloud, unless and until this Court enters an injunction prohibiting further infringement of

13

the '560 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

49.     Defendant also, within the meaning of 35 U.S.C. § 284, knowingly, willfully, recklessly, egregiously and wantonly continues to infringe the '560 Patent through making, using, selling, offering to sell and/or importing Accused Products with knowledge that these activities infringe the '560 Patent. Boomcloud is therefore entitled to enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Boomcloud respectfully requests that this Court enter:

a.     A judgment in favor of Plaintiff that Defendants have infringed, either literally and/or under the doctrine of equivalents, each of the Asserted Patents;

b.     A judgment in favor of Plaintiff that Defendants have willfully infringed each of the Asserted Patents;

c.     A permanent injunction prohibiting Defendants from further acts of infringement of each of the Asserted Patents;

d.     A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents (including enhanced damages for willful infringement);

e.     A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

f.     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against

Defendants; and

g.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Boomcloud, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: August 13, 2026                                  Respectfully submitted,

                                                        /s/ Reza Mirzaie

                                                        Reza Mirzaie (CA SBN 246953)
                                                        rmirzaie@raklaw.com
                                                        James A. Milkey (CA SBN 281283)
                                                        jmilkey@raklaw.com
                                                        kdavis@raklaw.com
                                                        James N. Pickens (CA SBN 307474)
                                                        jpickens@raklaw.com
                                                        Jason M. Wietholter (CA SBN 337139)
                                                        jwietholter@raklaw.com
                                                        Kristopher Davis (CA SBN 329627)
                                                        kdavis@raklaw.com
                                                        Christian W. Conkle (CA SBN 306374)
                                                        cconkle@raklaw.com
                                                        Jefferson Cummings (DC SBN 90027452)
                                                        jcummings@raklaw.com
                                                        RUSS AUGUST & KABAT
                                                        12424 Wilshire Boulevard, 12th Floor
                                                        Los Angeles, CA 90025
                                                        Telephone: (310) 826-7474

                                                        Attorneys for Plaintiff Boomcloud 360, Inc.